UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 16-091-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 19-440-DCR |
| | ) | |
| TRACEY M. THOMAS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Tracey Thomas has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  [Record No. 132] The matter was referred to United States Magistrate Judge Candace J. Smith for the purpose of conducting a preliminary review of the matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Magistrate Judge Smith reviewed Thomas' motion and issued a Report and Recommendation ("R&R") on December 5, 2019. The magistrate judge recommended that the Court deny the motion without issuing a Certificate of Appealability.  [Record No. 142]  Thomas has not objected to the R&R and the matter is ripe for the undersigned's review.

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nonetheless, the Court has conducted a *de novo* review of the matter and agrees with Magistrate Judge Smith's

analysis. Thomas' § 2255 motion will be denied because it is untimely, and no COA shall issue.

## I.

On May 15, 2017, Thomas pleaded guilty to conspiring to distribute cocaine, in violation of 21 U.S.C. § 841(a)(l) and 21 U.S.C. § 846. [Record No. 67] Thomas was sentenced on August 31, 2017, to a term of one hundred forty-four months incarceration, followed by eight years of supervised release. [Record No. 91] Thomas appealed, but the United States Court of Appeals for the Sixth Circuit affirmed the judgment in a July 24, 2018, opinion. [Record No. 119] There is no indication that Thomas moved for rehearing on appeal, and he has indicated in his motion that he did not petition the United States Supreme Court for issuance of a writ of certiorari. [Record No. 132, p. 2]

The defendant certified that he placed his § 2255 motion in the prison mailing system on October 29, 2019. *Id.* at p. 12. He asserts four grounds for relief: ineffective assistance of counsel for failure to raise the First Step Act; (ii) ineffective assistance of counsel for failure to argue that the "[a]uthorities were directed to arrest [him] for the sole purpose of establishing [j]urisdiction for the [f]ederal [g]overnment;" (iii) ineffective assistance of counsel for failure to raise double jeopardy; and (iv) ineffective assistance of counsel for failure to advise him of the harms and benefits of testifying. *Id.* at pp. 4-8. Thomas requests that this Court vacate his previously-imposed sentence and resentence him. *Id.* at p. 12.

## II.

Thomas' motion will be denied because it is untimely. As Magistrate Judge Smith notes [Record No. 142, p. 2], Thomas could have filed a timely § 2255 motion within one year of "the date on which the judgment [became] final." 28 U.S.C. § 2255(f)(1). "A conviction

becomes final when the time for direct appeal expires and no appeal has been filed . . . ." *Gillis v. United States*, 729 F. 3d 641, 644 (6th Cir. 2013). Further, a defendant may petition the Supreme Court for a writ of certiorari within ninety days of a circuit court of appeals' entry of judgment. Sup. Ct. R. 13. The Sixth Circuit affirmed the judgment in Thomas' case on July 24, 2018. Thus, and the ninety-day window to appeal expired on October 22, 2018.

Thomas had until October 22, 2019 to file the present motion. However, he filed the motion seven days late when he deposited it in the prison mailing system on October 29, 2019. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The motion, therefore, is untimely.

Further, Thomas has not overcome the untimeliness of his petition by demonstrating that the limitations period should be equitably tolled. An untimely § 2255 motion is subject to equitable tolling if the movant is able to demonstrate that he has been "pursuing his rights diligently;" but "some extraordinary circumstance stood in his way and prevented timely filing." *Jones v. United States*, 689 F. 3d 621, 627 (6th Cir. 2012) (internal citations and quotation marks omitted). And the defendant, "bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (*Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Equitable tolling is a sparingly used doctrine, and "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Thomas has failed to carry his burden here. His motion does not address equitable tolling, as it merely states that it is timely "because it is within the one year period." Magistrate

Judge Smith conducted an equitable tolling analysis in the R&R, effectively putting Thomas on notice that he could object on grounds that equitable tolling is appropriate. [Record No. 142, p. 4] But he has not objected to the R&R in any respect. Accordingly, Thomas has neither shown that he has diligently pursued his rights, nor demonstrated that an extraordinary circumstance prevented him from filing a timely motion.

### III.

The Court also agrees that a Certificate of Appealability ("COA") should not issue. A movant is entitled to a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2002). When a district court denies a § 2255 motion on procedural grounds, the defendant must demonstrate that: (i) jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right; and (ii) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Again, Thomas has failed to meet his burden. His § 2255 motion is unquestionably untimely, and he has provided no argument indicating that jurists of reason would dispute this determination or review the motion despite its defect. Accordingly, it is hereby

**ORDERED** as follows:

1.      United States Magistrate Judge Smith's Report and Recommendation [Record No. 142] is **ADOPTED** in full and **INCORPORATED** here by reference.

2.      Defendant/Movant Tracey Thomas' motion to vacate, set aside, or correct sentence [Record No. 132] is **DENIED** and this action filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** with prejudice.

3.      A Certificate of Appealability shall not issue.

Dated:  December 31, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky